IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADMOOR HOUSE, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>REGIONAL CENTER OF THE EAST BAY,<br><br>　　　　Defendant. | Case No. 25-cv-00992-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　　　Plaintiffs Broadmoor House, Inc., Darrell Mellion, and Lesa Mellion sue Defendant Regional Center of the East Bay alleging that RCEB breached a settlement agreement arising out of a prior lawsuit and, separately, that RCEB racially discriminated against them in connection with a contract in violation of 42 U.S.C. § 1981. RCEB moves to dismiss the latter count on the grounds that Plaintiffs have failed to allege impairment of a contractual right or intentional discrimination. The Court finds this matter suitable for resolution without argument in accordance with Civil Local Rule 7-1(b) and **GRANTS** the motion to dismiss.

　　　　Plaintiffs, who are vendors of RCEB, provide services to RCEB's developmentally disabled consumers. FAC (dkt. 6) ¶¶ 44, 46. They allege that they were treated adversely on the basis of their race (and, in the case of Broadmoor House, the race of its owners). Id. ¶ 45–49. This assertion is based on allegations that Black-owned vendors have more empty beds than other racial groups, id. ¶¶ 18–20; that there is greater delay in processing Black-owned vendors' invoice payments, id. ¶¶ 22–27; and that RCEB pays its white consumers more than its Black consumers on average, id. ¶¶ 28–35.

1   To state a claim upon which relief can be granted, a plaintiff must allege "enough
2   facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.
3   544, 570 (2007). "Dismissal can be based on the lack of a cognizable legal theory or the
4   absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac.
5   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The Court "must take all of the factual
6   allegations in the complaint as true," but it is "not bound to accept as true a legal
7   conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The elements of a § 1981 claim are (1) that the plaintiff is a member of a racial group, (2) that a contractual right with the defendant was impaired, (3) that the defendant intentionally discriminated against the plaintiff based on his race, and (4) that the plaintiff's race was a but-for cause of the contractual impairment. Ray v. Am. Airlines, 755 F. Supp. 3d 1277, 1279 (C.D. Cal. 2024). RCEB challenges the second and third requirements (and, by logical consequence, the fourth as well). MTD (dkt. 7) at 5.

RCEB is correct that Plaintiffs have failed to allege facts that would establish either that their contractual rights with RCEB have been impaired or that RCEB intentionally discriminated against them based on race. Plaintiffs apparently allege that they have contracts with RCEB, see FAC ¶¶ 44, 46, but their complaint provides no details as to those contracts. Thus, the Court cannot conclude that any alleged discrimination by RCEB has "impair[ed] an existing contractual relationship" because it cannot determine what rights Plaintiffs had under that relationship. See Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006). And though Plaintiffs assert that RCEB intentionally discriminated based on their race, all of their factual allegations go to racial disparities, not intentional discrimination. Disparate racial impact is not enough to state a § 1981 claim. Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 389–91 (1982); see also Mobley v. Workday, Inc., 740 F. Supp. 3d 796, 812 (N.D. Cal. 2024) ("Stating a claim for disparate treatment requires pleading facts giving rise to an inference that the employer intended to discriminate against the protected group." (citation omitted) (emphasis in original)). Mere knowledge of disparate impact is not enough to show intent. Id.

2

1   For the foregoing reasons, the Court **GRANTS** RCEB's motion to dismiss without
2   prejudice.  Should Plaintiffs wish to pursue their § 1981 claim, they must allege <u>facts</u> that
3   would establish what contractual rights they have and how they were impaired, or that they
4   were prevented from entering into contracts in the first place.  See <u>Domino's Pizza</u>, 546
5   U.S. at 476.  Plaintiffs must also allege <u>facts</u> that would establish intentional discrimination
6   on the part of RCEB, not merely disparate impact or knowledge thereof.  See <u>Mobley</u>, 740
7   F. Supp. 3d at 812.  Plaintiffs have 28 days from the issuance of this order to file an
8   amended complaint addressing these defects if they so wish.

**IT IS SO ORDERED.**

Dated: April 14, 2025



CHARLES R. BREYER
United States District Judge

3